# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DANIEL PETERSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MINERVA SURGICAL, INC. and ) <br> DAVID CLAPPER, ) <br> ) <br> Defendants. ) <br> _____) | CIVIL ACTION <br><br> No. 19-2050-KHV |

## MEMORANDUM AND ORDER

On January 30, 2019, Daniel Peterson filed suit against Minerva Surgical, Inc. and David Clapper. Complaint (Doc. #1). Plaintiff alleges that defendants failed to make reasonable employment accommodations for his disabilities, retaliated against him by terminating his employment and interfered with his future employment. On October 23, 2019, the Court ordered the parties to complete arbitration in San Mateo, California pursuant to their arbitration agreement. Memorandum And Order (Doc. #30). This matter is before the Court on Plaintiff's Motion For Reconsideration (Doc. #32) filed November 6, 2019. For reasons stated below, the Court overrules plaintiff's motion.

## Legal Standards

A motion to reconsider must be based on (1) an intervening change in controlling law, (2) the availability of new evidence or (3) the need to correct clear error or prevent manifest injustice. See Coffeyville Res. Ref. & Mktg. LLC v. Liberty Surplus Ins. Corp., 748 F. Supp. 2d 1261, 1264 & n.2 (D. Kan. 2010); see also D. Kan. R. 7.3(b); Comeau v. Rupp, 810 F. Supp. 1172, 1174-75 (D. Kan. 1992). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed.

Brown v. Presbyterian Healthcare Servs., 101 F.3d 1324, 1332 (10th Cir. 1996); RTC v. Greif, 906 F. Supp. 1446, 1456 (D. Kan. 1995); Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan. 1994). A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider. Cline v. S. Star Cent. Gas Pipeline, Inc., 370 F. Supp.2d 1130, 1132 (D. Kan. 2005). Whether to grant a motion to reconsider is left to the Court's sound discretion. Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 944 (10th Cir. 1995).

**Analysis**

Without citing any law other than the standard for reconsideration, plaintiff asserts that the Court's order to compel arbitration was clearly erroneous and constituted manifest injustice. To make his case, plaintiff simply reinvokes the same arguments that the Court expressly rejected in its prior order. Specifically, plaintiff argues that the arbitration and forum-selection clauses in his employment agreement are procedurally and substantively unconscionable.

For the reasons detailed in its original order, the Court again rejects these arguments. With respect to procedural unconscionability, plaintiff continues to rely exclusively on the fact that his employment agreement was adhesive, finding a number of different ways to rephrase his "adhesion equals procedurally unconscionable" argument. California law is clear, however, that an adhesion contract "is fully enforceable according to its terms unless certain other factors are present." Beltran v. AuPairCare, Inc., 907 F.3d 1240, 1253 (10th Cir. 2018). Because plaintiff has not identified other factors, his adhesive arbitration agreement by itself "only establishes a modest degree of procedural unconscionability." Id.

With respect to substantive unconscionability, plaintiff continues to focus on the inconvenience of arbitrating in California. According to plaintiff, because he and his witnesses

live in Kansas, they will have to "exhaust substantial personal savings to testify." Plaintiff's Motion For Reconsideration (Doc. #32) at 4. As the Court clearly explained in its prior order, however, "[m]ere inconvenience or additional expense is not the test of unreasonableness" under California law. Beltran, 907 F.3d at 1259. Consequently, it is insufficient to simply show, as plaintiff has done here, "the additional expense and inconvenience attendant on the litigation of . . . claims in a distant forum." Id. (even costs of traveling internationally are insufficient to render forum selection clause unreasonable).[1] Accordingly, plaintiff has not shown that the Court's order compelling arbitration in San Mateo, California was clearly erroneous or constituted manifest injustice.[2]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Reconsideration (Doc. #32) filed November 6, 2019 is **OVERRULED**.

Dated this 22nd day of November, 2019 at Kansas City, Kansas.

>s/ Kathryn H. Vratil
>KATHRYN H. VRATIL
>United States District Judge

---

[1] Although unclear because it appears under the "procedural unconscionability" section of his brief, plaintiff also attempts to establish substantive unconscionability by showing that he did not have adequate notice of the selected forum. According to plaintiff, because his contract was adhesive, "providing adequate notice of the selected jurisdiction is by definition moot." Plaintiff's Motion For Reconsideration (Doc. #32) at 2. The Court does not understand plaintiff's logic – the fact that he allegedly lacked "any opportunity for reasonable negotiation" does not mean he was unaware of the agreement's content. Id. As the Court explained in its order, plaintiff has not shown that the agreement failed to provide adequate notice of the selected forum. See Exh. A to Defendants' Motion To Compel Arbitration (Doc. #11) filed May 3, 2019 at 8 (under heading "Arbitration and Equitable Relief," agreement states "ANY ARBITRATION UNDER THIS AGREEMENT SHALL BE CONDUCTED IN SAN MATEO, CALIFORNIA").

[2] Plaintiff brings to the Court's attention certain legal proceedings in New Jersey regarding Minerva's products. It is unclear how these proceedings relate to plaintiff's employment case.