**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DANIEL PETERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 19-2050-KHV |
| MINERVA SURGICAL, INC. and ) | |
| DAVID CLAPPER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's Motion To Seal (Doc. #42) filed September 25, 2023. For reasons set forth below, the Court overrules plaintiff's motion.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). The public interest in court proceedings includes the assurance that courts are run fairly and that judges are honest. Crystal Grower's, 616 F.2d at 461–62.

In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011). The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents. See Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012). The parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process. Id.;

see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit specific facts, not merely "stereotyped and conclusory statements").

Motions to seal or redact must include: (1) "a description of the specific portions of the document" which are "narrowly tailored to the asserted confidentiality interest;" (2) the asserted confidentiality interest; (3) "a clearly defined and serious injury;" and (4) an explanation why restricting public access would "adequately protect" the asserted confidentiality interest. District of Kanas Local Rule 5.4.2(c)(1)–(4).

Plaintiff requests that the Court seal or redact portions of Plaintiff's Motion To Reopen Case & Vacate Arbitration Award (Doc. #41) filed September 22, 2023. In support of his motion, plaintiff asserts that his Motion To Reopen Case (Doc. #41) contains (1) allegations of fraud and mistake and (2) confidential and sensitive information about Minerva Surgical, Inc. ("Minerva"). Plaintiff requests that, in the alternative, if the Court decides not to seal the document in its entirety, that the Court redact the confidential portions. Plaintiff defines the confidential portions as: (1) the "Statement of Facts, Section III – Arbitration (JAMS);" (2) all arbitration exhibits, unless already publicly available; and (3) any other portion deemed confidential or sensitive by Minerva. Defendants do not oppose plaintiff's motion. See Defendants' Response To Plaintiff's Motion To Seal (Doc. #43) filed September 28, 2023.

Nevertheless, on this record, the parties have not met the heavy burden to articulate a real and substantial confidentiality interest which justifies depriving the public of access to records which inform the Court's decision-making process. See Colony Ins., 698 F.3d at 1242 (denying motions to seal where parties did not submit specific argument or facts indicating why confidentiality of settlement agreements outweighs presumption of public access). In addition to failing to assert a specific confidentiality interest, neither party has explained the serious injury

-3-

that would result absent the requested restrictions on public access.  The Court's constitutional duties do not include asserting arguments for sealing records or ferreting out authorities and identifying factors which are necessary for it to conduct the nuanced balancing of the public's right of access against the parties' interests in non-disclosure.  For these reasons, the Court overrules plaintiff's motion to seal.

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Seal (Doc. #42) filed September 25, 2023 is **OVERRULED.**

Dated this 6th day of November, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge