## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DANIEL PETERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MINERVA SURGICAL, INC. and | ) |
| DAVID CLAPPER, | ) |
| | ) |
| Defendants. | ) |
| | ) |

CIVIL ACTION

No. 19-2050-KHV

### MEMORANDUM AND ORDER

This matter is before the Court on <u>Plaintiff's Motion To Seal – Confidential Exhibits</u> (Doc. #58) filed November 29, 2023.  For reasons set forth below, the Court overrules plaintiff's motion.

Federal courts have long recognized a common-law right of access to judicial records. <u>Mann v. Boatright</u>, 477 F.3d 1140, 1149 (10th Cir. 2007).  This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution.  <u>See Nixon v. Warner Commc'ns</u>, 435 U.S. 589, 599 (1978); <u>Crystal Grower's Corp. v. Dobbins</u>, 616 F.2d 458, 461 (10th Cir. 1980).  The public interest in court proceedings includes the assurance that courts are run fairly and that judges are honest.  <u>Crystal Grower's</u>, 616 F.2d at 461–62.

In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties.  <u>Helm v. Kansas</u>, 656 F.3d 1277, 1292 (10th Cir. 2011).  The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents.  <u>See Colony Ins. Co. v. Burke</u>, 698 F.3d 1222, 1241 (10th Cir. 2012).  The parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process.  <u>Id.</u>;

see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit specific facts, not merely "stereotyped and conclusory statements").

Motions to seal or redact must include: (1) "a description of the specific portions of the document" which are "narrowly tailored to the asserted confidentiality interest;" (2) the asserted confidentiality interest; (3) "a clearly defined and serious injury;" and (4) an explanation why restricting public access would "adequately protect" the asserted confidentiality interest.  District of Kanas Local Rule 5.4.2(c)(1)–(4).

Plaintiff requests that the Court seal or redact portions[1] of Plaintiff's Reply – Confidential Exhibits (Doc. #57) filed November 28, 2023, which he filed in support of Plaintiff's Reply – Motion To Reopen And Vacate (Doc. #56) filed November 27, 2023.  Plaintiff asserts that the Exhibits (Doc. #57) contain confidential information, the public disclosure of which could cause harm to Minerva.  Despite filing the motion, plaintiff states that the arguments to seal are "best saved for Minerva" to make.  Motion To Seal (Doc. #58) at 3.   Because the Court sustained defendants' motion to compel arbitration, see Memorandum And Order (Doc. #30) filed October 23, 2019, the parties never engaged in discovery and never designated these exhibits as confidential.

On this record, the parties have not met the heavy burden to articulate a real and substantial confidentiality interest which justifies depriving the public of access to records which inform the Court's decision-making process.  See Colony Ins., 698 F.3d at 1242 (denying motions to seal where parties did not submit specific argument or facts indicating why confidentiality of settlement

---

[1]    Specifically, plaintiff asks the Court seal (1) Exhibit C, pages 3–6, (2) Exhibit E, page 7, (3) Exhibit F, page 8, (4) Exhibit H, pages 9–11, (5) Exhibit I, pages 12–13, (6) Exhibit M, pages 14–40, (7) Exhibit N, pages 41–42 and (8) Exhibit P, pages 43–48.  Confidential Exhibit List (Doc. #57-1).

agreements outweighs presumption of public access). In addition to failing to assert a specific confidentiality interest, neither explains the serious injury that would result absent the requested restrictions on public access. Indeed, plaintiff concedes that (1) portions of the confidential exhibits are already publicly available and (2) harm to Minerva will be limited because the original device has been unavailable for approximately five years.

The Court's constitutional duties do not include asserting arguments for sealing records or ferreting out authorities and identifying factors which are necessary for it to conduct the nuanced balancing of the public's right of access against the parties' interests in non-disclosure. For these reasons, the Court overrules plaintiff's motion to seal Plaintiff's Reply – Confidential Exhibits (Doc. #57) filed November 28, 2023.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Seal – Confidential Exhibits (Doc. #58) filed November 29, 2023 is **OVERRULED.**

Dated this 8th day of December, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge