IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DANIEL PETERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 19-2050-KHV |
| MINERVA SURGICAL, INC. and ) | |
| DAVID CLAPPER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's Motion To Stay Judgement [sic] (Doc. #65) filed January 8, 2024. For reasons set forth below, the Court overrules plaintiff's motion.

**Factual And Procedural Background**

The factual background underlying the parties' dispute is set forth in detail in the Court's Memorandum And Order (Doc. #30) filed October 23, 2019 and Memorandum And Order (Doc. #59) filed December 8, 2023.

Highly summarized, during his employment, plaintiff agreed to arbitrate all disputes "arising out of, relating to, or resulting from [plaintiff's] employment with the company or the termination of [his] employment with the company." Employment Agreement (Doc. #13-1) filed May 3, 2019 at 7–8. On January 30, 2019, plaintiff filed suit against Minerva Surgical, Inc. and David Clapper (Minerva's President and Chief Executive Officer), alleging that they failed to make reasonable employment accommodations for his disabilities, retaliated against him by terminating his employment and interfered with his future employment. See Complaint (Doc. #1). On October 23, 2019, the Court sustained defendants' motion to compel arbitration. See Memorandum And Order (Doc. #30).

Beginning on May 15, 2023 and lasting five days, the Honorable Richard J. McAdams (Ret.) remotely conducted the arbitration hearing. <u>Final Arbitration Award</u> (Doc. #52-1) filed November 2, 2023 at 4. On June 15, 2023, the arbitrator issued an Interim Award finding that Minerva, Clapper and Thomas Pendlebury (Minerva's Vice President of Sales) were not liable, and that plaintiff had breached his contract with Minerva. <u>Id.</u> at 6. On August 21, 2023, JAMS issued its final award, ordering plaintiff to pay Minerva $198,558.94[1] and return all confidential documents and property. <u>Id.</u> at 22–27.

On September 22, 2023, plaintiff, proceeding pro se, filed a motion to reopen the case and vacate the arbitration award. <u>See</u> <u>Motion To Reopen Case</u> (Doc. #41). On November 2, 2023, defendants filed their application for an order confirming the arbitration award. <u>See</u> <u>Application For Order Confirming Arbitration Award</u> (Doc. #52). On December 8, 2023, the Court overruled plaintiff's motion to reopen and confirmed the final arbitration award. <u>See</u> <u>Memorandum And Order</u> (Doc. #59). On January 3, 2023, plaintiff appealed the Court's order and judgment. <u>See</u> <u>Notice Of Appeal</u> (Doc. #62). Plaintiff now seeks to stay execution of the Court's judgment pending appeal. <u>See</u> <u>Motion To Stay Judgement [sic]</u> (Doc. #65).

**<u>Analysis</u>**

Rule 62(b), Fed. R. Civ. P., and District of Kansas Local Rule 62.2 require a party to post bond or other security before the Court can stay execution of a monetary judgment.[2] "The stay takes effect when the court approves the bond or other security and remains in effect for the time

---

[1] The arbitrator awarded Minerva $7,029.94 for breach of contract, $190,000 in attorney fees and $1,529 in costs.

[2] On January 13, 2024, plaintiff clarified that his motion to stay only applies to the monetary portion of the judgment as he already returned the confidential property to Minerva. <u>Letter To The Court</u> (Doc. #67).

specified in the bond or other security." Fed. R. Civ. P. 62(b).

Courts should require a "full supersedeas bond . . . in normal circumstances." <u>Miami Int'l Realty Co. v. Paynter</u>, 807 F.2d 871, 873 (10th Cir. 1986) (citations omitted).  District courts have inherent discretionary authority, however, to reduce or waive the bond requirement if appellant demonstrates "a present financial ability to respond to the judgment that is likely to continue or if the appellant's present financial condition is such that posting a full bond would impose an undue financial burden."  <u>Id.</u>; <u>Hampton v. Barclays Bank Delaware</u>, No. 18-4071-DDC-ADM, 2020 WL 7714407, at *4 (D. Kan. Dec. 29, 2020) (quoting <u>Lech v. Jackson</u>, No. 16-cv-01956-PAB-MJW, 2018 WL 2183984, at *1 (D. Colo. May 10, 2018)).  To reduce or waive the bond requirement, movant has the burden to demonstrate good cause for the adjustment.  <u>Hampton</u>, 2020 WL 7714407, at *5.

When determining whether to reduce or waive the bond requirement, the Court may consider the following factors:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the court has in the availability of funds to pay the judgment; (4) whether [plaintiff]'s ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether [plaintiff is] in such a precarious financial situation that the requirement to post a bond would place other creditors of the [plaintiff] in an insecure position.

<u>Fox v. Pittsburg State Univ.</u>, 319 F.R.D. 342, 343–44 (D. Kan. 2017) (quoting <u>Dillon v. City of Chicago</u>, 866 F.2d 902, 904 (7th Cir. 1988)).  If bond is required, Local Rule 62.2 requires the Court to set the bond "in the amount of the judgment, plus 25% of that amount to cover interest and any award of damages for delay."[3]  D. Kan. Local Rule 62.2.

---

[3]  The Court confirmed the arbitrator's award of $198,558.94.  <u>See</u> <u>Memorandum And Order</u> (Doc. #59).  Per Local Rule 62.2, plaintiff would need to post a supersedeas bond in the amount of the judgment plus 25 per cent, or $248,198.68.  <u>See</u> D. Kan. Local Rule 62.2.

Plaintiff requests that the Court (1) stay execution of the judgment during the pendency of his appeal and (2) waive the bond requirement for the stay. Specifically, plaintiff argues that he is financially unable to post bond and that execution of the judgment would result in his insolvency. Plaintiff first raises this argument in Plaintiff's Reply – Motion To Stay Judgment (Doc. #70) filed January 21, 2024. Ordinarily, the Court will not consider arguments first raised in a reply brief. Reedy v. Werholtz, 660 F.3d 1270, 1274 (10th Cir. 2011). As a reason to stay, plaintiff's original brief argues only that the outcome of his appeal might impact the judgment. See Motion To Stay Judgement [sic] (Doc. #65). Defendants respond that plaintiff has not cited any authority or facts that would excuse him from the requirement of a bond or other security. The Court agrees.

In weighing the above factors, plaintiff has not met his burden to demonstrate good cause why the Court should reduce or waive the bond requirement. Plaintiff has not presented evidence of his current financial position, such as his current employment status, monthly income, bills and living expenses, savings and checking account balances, debts or other assets. See Hampton, 2020 WL 7714407, at *5 (adjusting bond requirement based in part on comprehensive affidavit of financials). Rather, plaintiff makes the conclusory statement that he is financially unable to post bond. Based on this record, plaintiff has not met his burden to show good cause why the Court should not require a full supersedeas bond.

Accordingly, because plaintiff (1) has not posted bond or other security in the amount of the judgment plus 25 per cent and (2) has failed to show good cause why the Court should waive the bond requirement, the Court overrules his motion to stay execution of the judgment.

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Stay Judgement [sic] (Doc. #65) filed January 8, 2024 is **OVERRULED**.

Dated this 27th day of February, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
