## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

DANIEL PETERSON,             )
                                   )
            Plaintiff,       )
                                   )        **CIVIL ACTION**

v.                             )
                                   )        **No. 19-2050-KHV**

MINERVA SURGICAL, INC. and   )
DAVID CLAPPER,          )
                                   )
           Defendants.    )
_____)

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's <u>Motion To Approve Statement Of Evidence For Record Of Appeal</u> (Doc. #68) filed January 17, 2024.  For reasons set forth below, the Court sustains in part and overrules in part plaintiff's motion.

### Factual And Procedural Background

The factual background underlying the parties' dispute is set forth in detail in the Court's <u>Memorandum And Order</u> (Doc. #30) filed October 23, 2019 and <u>Memorandum And Order</u> (Doc. #59) filed December 8, 2023.

Highly summarized, during his employment, plaintiff agreed to arbitrate all disputes "arising out of, relating to, or resulting from [plaintiff's] employment with the company or the termination of [his] employment with the company." <u>Employment Agreement</u> (Doc. #13-1) filed May 3, 2019 at 7–8.  On January 30, 2019, plaintiff filed suit against Minerva Surgical, Inc. and David Clapper (Minerva's President and Chief Executive Officer), alleging that they failed to make reasonable employment accommodations for his disabilities, retaliated against him by terminating his employment and interfered with his future employment. <u>See</u> <u>Complaint</u> (Doc. #1). On October 23, 2019, the Court sustained defendants' motion to compel arbitration.  <u>See</u>

Memorandum And Order (Doc. #30).

Beginning on May 15, 2023 and lasting five days, the Honorable Richard J. McAdams (Ret.) remotely conducted the arbitration hearing.  Final Arbitration Award (Doc. #52-1) filed November 2, 2023 at 4.  On June 15, 2023, the arbitrator issued an Interim Award finding that Minerva, Clapper and Thomas Pendlebury (Minerva's Vice President of Sales) were not liable, and that plaintiff had breached his contract with Minerva.  Id. at 6.  On August 21, 2023, JAMS issued its final award, ordering plaintiff to pay Minerva $198,558.94[1] and return all confidential documents and property.  Id. at 22–27.

On September 22, 2023, plaintiff, proceeding pro se, filed a motion to reopen the case and vacate the arbitration award.  See Motion To Reopen Case (Doc. #41).  On November 2, 2023, defendants filed their application for an order confirming the arbitration award.  See Application For Order Confirming Arbitration Award (Doc. #52).  On December 8, 2023, the Court overruled plaintiff's motion to reopen and confirmed the final arbitration award.  See Memorandum And Order (Doc. #59).  On January 3, 2023, plaintiff appealed the Court's order and judgment.  See Notice Of Appeal (Doc. #62).  Plaintiff now requests that the Court confirm his proposed statements of evidence for the record on appeal.  See Motion To Approve (Doc. #68).

## Analysis

Rule 10(c), Fed. R. App. Proc., provides that when "the transcript of a hearing or trial is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection."  Fed. R. App. Proc. 10(c).  When a description of what transpired at the proceedings is memorialized in a court order, minute entry,

---

[1]    The arbitrator awarded Minerva $7,029.94 for breach of contract, $190,000 in attorney fees and $1,529 in costs.

clerk entry or similar filing, an appellant's recollection is not the "best available means" to show the content of those proceedings.  See United States v. Peach, No. JWB-95-10052, 2020 WL 5118555, at *3 (D. Kan. Aug. 31, 2020) (declining to approve appellant's statement of proceedings given availability of "contemporaneous minute sheets and clerk's entries"); Morning Sun Brooks, Inc. v. Div. Point Models, Inc., No. CCC-11-0608, 2019 WL 4785633, at *3 (D.N.J. Sept. 30, 2019) (denying appellant's submission of statement of proceedings because court order "sufficiently embodie[d] what transpired during the telephone conference"); Brown Inv. Advisory & Tr. Co. v. Allen, No. CV JKB-19-2332, 2021 WL 2141377, at *2 (D. Md. May 26, 2021) (declining to approve appellant's statements because court orders adequately recorded content of status conferences).

Here, the parties do not dispute that a recording or transcript of the five-day arbitration hearing is unavailable.  Plaintiff therefore asks that the Court approve the following six statements, based on his own recollection of the arbitration proceedings, for the appellate record:

1. Minerva testified that it signed United States Patent Application No. US 15/418635 because it believed all statements within the application were true;

2. Minerva testified that United States Patent No. 10213151B2 was a concept to address a potential original design defect that could result in undetected uterine perforations that could injure patients;

3. Minerva testified that its original design was safe since the FDA approved it;

4. Minerva testified that since it reported patient injuries to the FDA, if the original design was unsafe, the FDA would have recalled it;

5. Minerva testified that it did not claim ES was safer than the original design; and

6. Minerva testified that it did not conceal patient injury rates prior to the 2018 national sales meeting.

Motion To Approve (Doc. #68) at 1–2.  Defendants respond that the Court should deny plaintiff's motion because the "best available means" to show the content of the arbitration proceedings is

the <u>Final Arbitration Award</u> (Doc. #52-1), the 28-page document prepared by the arbitrator that outlines the evidence presented at the hearing and the arbitrator's findings.

For purposes of this motion, the Court extensively reviewed the <u>Final Arbitration Award</u> (Doc. #52-1) and finds that the document expressly addresses plaintiff's proposed statements two through six. <u>See id.</u> at 15–17. Accordingly, for these five statements, the arbitration award is the best available means to describe the proceedings for purposes of plaintiff's appeal. The Court therefore overrules plaintiff's motion as to statements two through six.

The <u>Final Arbitration Award</u> does not expressly address plaintiff's first statement, that "Minerva testified that it signed United States Patent Application No. US 15/418635 because it believed all statements within the application were true." As to this point, plaintiff's recollection is the "best available means" to describe what transpired during the arbitration proceedings. Indeed, defendants never disputed the substance of this proposed statement; they merely refused to comment on it. Because this statement is the best available evidence on that point, the Court sustains plaintiff's motion as to the first statement.

**IT IS THEREFORE ORDERED** that plaintiff's <u>Motion To Approve Statement Of Evidence For Record Of Appeal</u> (Doc. #68) filed January 17, 2024 is **SUSTAINED in part** and **OVERRULED in part**. **The Court approves plaintiff's statement that "Minerva testified that it signed United States Patent Application No. US 15/418635 because it believed all statements within the application were true," and pursuant to Rule 10(c), directs the Clerk to include the statement in the record on appeal.**

Dated this 1st day of March, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
